UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DARNELL MICHAEL MALLOY,

          Plaintiff,                     Case No. 1:21-cv-242

v.                                           Honorable Paul L. Maloney

UNKNOWN BROWN et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

I. **Factual allegations**

        Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County,

Michigan.  The events about which he complains occurred at that facility.  laintiff sues Defendants Sergeant Unknown Brown and Officer Unknown Walker.

Plaintiff alleges that on November 27, 2020, Defendant Brown used tear gas in a neighboring cell without warning Plaintiff that it was to be used or protecting him from exposure to the gas.  Plaintiff began to smell the gas at 8:27 p.m., but the smell quickly got stronger.  Plaintiff had COVID-19 at the time and had extreme difficulty breathing.  Between 8:31 p.m. and 8:52 p.m., Plaintiff attempted to call for help, but could not catch his breath.  Plaintiff saw Defendant Brown at 8:52 p.m., and told him that he was having difficulty breathing.  Plaintiff alleges that the next thing he knew, he was being held outside in the dog cage area.  Plaintiff then remembers being cuffed up and taken back to segregation at approximately 9:24 p.m.

Plaintiff states that Defendant Walker was working in the segregation unit on the night of November 27, 2020, and knew that Plaintiff had COVID-19.  Defendant Walker failed to move Plaintiff to another cell prior to the use of tear gas, or even to warn Plaintiff about the use of tear gas, which exposed Plaintiff to the harmful effects of the gas.

Plaintiff states that Defendants violated his rights under the Eighth Amendment. Plaintiff seeks damages.

II.     **Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough

2

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III. **Eighth Amendment**

Plaintiff claims that Defendants failed to protect him from second hand exposure to a chemical agent despite the fact that he was COVID-19 positive. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore,

prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his

knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Plaintiff claims that knowingly exposing him to the second hand effects of a chemical agent, given the fact that Plaintiff was ill with COVID-19, constituted deliberate indifference. Plaintiff states that Defendant Walker was working in thesegregation unit on the night of November 27, 2020, and knew that Plaintiff had COVID-19, but failed to move Plaintiff to another cell prior to the use of tear gas, or even to warn Plaintiff about the use of tear gas. However, Plaintiff does not allege any facts regarding the symptoms he was experiencing at the time of the incident, including whether he was having any respiratory symptoms. Nor does Plaintiff allege that Defendant Walker was aware of any particular danger posed to Plaintiff by second hand exposure to a chemical agent because of his COVID-19 status. According to the complaint, Defendant Walker was employed as an officer in the MDOC, and not as a health professional. Therefore, because Plaintiff fails to allege facts showing that Defendant Walker was actually aware of a substantial risk to Plaintiff's health or safety, his Eighth Amendment claim against Defendant Walker is properly dismissed.

As noted above, Plaintiff also claims that Defendant Brown acted with deliberate indifference. Plaintiff alleges that he began to smell the gas at 8:27 p.m. after it was used on a prisoner in a nearby cell. Plaintiff claims that he attempted to call for help between 8:31 and 8:52 p.m., but could not catch his breath. Plaintiff saw Defendant Brown at 8:52 p.m. and reported difficulty breathing. According to Plaintiff's complaint, this is when Defendant Brown became

aware that Plaintiff was having respiratory problems from the second hand exposure. Plaintiff states that the next thing he knew, he was being held outside in the dog cage area. Plaintiff's allegations are somewhat confusing regarding his removal from his cell, however it appears that he was removed from his cell shortly after speaking to Defendant Brown at 8:52 p.m. As noted above, Plaintiff alleges that he was returned to segregation approximately a half-hour later, at 9:24 p.m. Plaintiff does not allege that he suffered any long term effects from the second hand exposure to a chemical agent. Because Plaintiff's allegations against Defendant Brown do not show that he was deliberately indifferent to a substantial risk of serious harm to Plaintiff, Defendant Brown is properly dismissed from this action.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   April 22, 2021                                    /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge